UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
CAROLE SORELL,

        Plaintiff,                          **ANSWER**

      -against-                          07 Civ. 6765 (J. CHIN)

NATIONAL RAILROAD PASSENGER
CORP.,

        Defendant.
------------------------------------------------------X

      Defendant National Railroad Passenger Corporation, a/k/a Amtrak ("Amtrak"), by its attorneys, Landman Corsi Ballaine & Ford P.C., hereby answers the Complaint herein as follows:

### WITH RESPECT TO JURISDICTION AND VENUE

      FIRST: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint.

      SECOND: Defendant Amtrak admits the truth of each and every allegation contained in paragraph "2" of the Complaint.

      THIRD: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint.

      FOURTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint, except admits defendant may be found in this district, pursuant to 49 U.S.C. § 24301(b).

### WITH RESPECT TO THE PARTIES

      FIFTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph "5" of the Complaint.

SIXTH: Defendant Amtrak admits the truth of each and every allegation contained in paragraph "6" of the Complaint.

## WITH RESPECT TO THE CLAIM

SEVENTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint.

EIGHTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint.

NINTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint.

TENTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint.

ELEVENTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint.

TWELFTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

THIRTEENTH: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "13" of the Complaint.

FOURTEENTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint.

FIFTEENTH: Defendant Amtrak denies knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph "15" of the Complaint.

SIXTEENTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Complaint.

SEVENTEENTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Complaint.

EIGHTEENTH: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "18" of the Complaint.

NINETEENTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Complaint.

TWENTIETH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Complaint.

TWENTY-FIRST: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "21" of the Complaint.

TWENTY-SECOND: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "22" of the Complaint.

TWENTY-THIRD: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "23" of the Complaint.

TWENTY-FOURTH: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "24" of the Complaint.

TWENTY-FIFTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Complaint.

TWENTY-SIXTH: Defendant Amtrak denies the truth of each and every allegation

contained in paragraph "26" of the Complaint.

TWENTY-SEVENTH: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "27" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

TWENTY-EIGHTH: Any injuries suffered by plaintiff were caused solely by her own negligence and not by any negligence of the defendant Amtrak.

### SECOND AFFIRMATIVE DEFENSE

TWENTY-NINTH: Any injuries suffered by plaintiff were caused, in part, by her own negligence, and any recovery by plaintiff must be diminished in proportion to that part of her injuries attributable to her own negligence.

### THIRD AFFIRMATIVE DEFENSE

THIRTIETH: Any injuries suffered by plaintiff were not caused by a negligent act or omission of defendant Amtrak or any individual acting under its direction or control.

### FOURTH AFFIRMATIVE DEFENSE

THIRTY-FIRST: If plaintiff has sustained any damages in this matter, which defendant Amtrak denies, then defendant Amtrak's liability, if any, shall be limited in accordance with Article 16 of the New York Civil Practice Law and Rules.

### FIFTH AFFIRMATIVE DEFENSE

THIRTY-SECOND: Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

THIRTY-THIRD: This action should be transferred to the District of Connecticut

pursuant to 28 U.S.C. 1404.

**WHEREFORE**, defendant Amtrak demands judgment dismissing the Complaint herein, together with its costs and disbursements, and such other and further relief as this Court deems appropriate.

Dated: New York, New York
       August 16, 2007

                          Respectfully submitted,

                          LANDMAN CORSI BALLAINE & FORD P.C.

By: *[signature]*
                          Mark S. Landman (ML 7654)
                          Attorneys for Defendant Amtrak
                          120 Broadway, 27th Floor
                          New York, New York 10271-0079
                          (212) 238-4800

TO:    RICHARD A. ALTMAN
         285 West Fourth Street
         New York, New York 10014
         (917) 353-4077

**AFFIDAVIT OF SERVICE BY MAIL**

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

    **MIRIAM DEIKUN**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at QUEENS, NEW YORK.

    That on the 16th day of August, 2007, deponent served the within **ANSWER**

upon
        Richard A. Altman
        285 West Fourth Street
        New York, New York 10014

attorneys in this action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

                                                  _____
                                                      Miriam Deikun

Sworn to before me this
16th day of August 2007

_____
       Notary

                                        LAURIE EGAN
                              Notary Public, State of New York
                                  No. 01EG5062768
                              Qualified in Orange County
                           Commission Expires Aug. 7, 2010